Argued and submitted October 21, 1983, judgment vacated;
remanded with instructions January 25, 1984

STATE OF OREGON,
*Respondent,*

*v.*

ROGER PETERSON,
*Appellant.*

(DA 247807; CA A27677)

674 P2d 1218

Janet A. Metcalf, Portland, argued the cause for appellant. With her on the brief was English & Metcalf, Portland.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals a conviction for prostitution (ORS 167.007) after trial to the court. He contends that statements he made to a police officer following his arrest should have been suppressed because he was not advised of his constitutional rights as required by *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694 (1966). We reverse and remand.

The arresting officer testified that he advised defendant of his rights and that defendant acknowledged that he understood them. Defendant testified he was not advised of his rights. The court ruled orally from the bench:

> "What I believe is * * * and it isn't that I believe every officer on the Portland Police Bureau, because I've been around here a long time and there've been some bad apples in the barrel, so to speak, but I have no reason to disbelieve Officer Ritschard because I * * * he's testified on numerous occasions before and I've always found him to be factual and accurate. *I think probably the defendant didn't hear it.* And I'm therefore going to deny the motion." (Emphasis supplied.)

The court's statement is ambiguous in the light of the ruling denying the motion. We are left in doubt, after attempting to interpret those remarks, whether the court made a factual finding that defendant did not hear the officer's recitation of the rights. It is necessary to vacate the judgment and remand for the trial court to clarify the statement. If it was intended as a fact finding, the ruling denying defendant's motion to suppress was in error. A defendant cannot intelligently and knowingly waive rights he has not heard. If the court did not intend a factual determination, but concluded that defendant did hear, understand and knowingly waive his constitutional rights, it shall reenter the judgment.

Judgment vacated; remanded with instructions.